# UNITED STATES DISTRICT COURT

# IN THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| MAHENDRA PATEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER JAMES EVAN WALLACE,<br>CITY OF ACWORTH,<br>SONYA F. ALLEN,<br>CAROLINE MILLER, and<br>TEMPERANCE STODDARD, jointly<br>and severally,<br><br>Defendants. | Case No.: _____<br><br><br>**CIVIL ACTION COMPLAINT**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, complaining of the Defendants, alleges and says:

## PARTIES

1. Plaintiff Mahendra Patel is a resident of Georgia.

2. Defendant Officer James Evan Wallace is a resident of Georgia, was at all pertinent times acting in the course and scope of his capacity as a police officer, and is being sued in his individual capacity.

3. Defendant City of Acworth is a municipality in the State of Georgia.

6. Defendant Sonya F. Allen is the elected District Attorney of the Cobb County District Attorney's Office is a prosecutorial office organized under the laws

of Georgia with its principal place of business in Marietta, Georgia. Defendant Allen is being sued in her official capacity as District Attorney.

7.    Defendant Caroline Miller is a resident of Georgia and is being sued in her individual capacity.

8.    Defendant Temperance Stoddard is an investigator with the Cobb County District Attorney's Office and is a resident of Georgia, and was at all pertinent times acting in the course and scope of her capacity as such, and is being sued in her individual capacity.

<strong><u>JURISDICTION AND VENUE</u></strong>

4.    This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, because this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983. This Court also has jurisdiction pursuant to 28 USCS § 1343, as this is a civil action to redress the deprivation of rights secured by the Constitution and federal law. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USCS § 1367.

5.    This Court has personal jurisdiction over Defendant Officer James Evan Wallace because he is a resident of Georgia.

6.    This Court has personal jurisdiction over Defendant City of Acworth because it is a municipality of the State of Georgia and governed by the laws of State of Georgia.

2

7.     This Court has personal jurisdiction over Defendant Sonya F. Allen because she is a resident of Georgia.

8.     This Court has personal jurisdiction over Defendant Caroline Miller because she is a resident of Georgia.

9.     This Court has personal jurisdiction over Defendant Temperance Stoddard because she is a resident of Georgia.

10.     This Court is the proper venue for this case pursuant to 28 USCS § 1391, as all Defendants reside in the State of Georgia and within this judicial district, and a substantial part of the events giving rise to the claims occurred in Cobb County, Georgia, which is within this judicial district.

## STATEMENT OF FACTS

11.     Plaintiff Mahendra "Mick" Patel is a 57-year-old retired engineer, father of two, and long-time resident of Georgia. At all relevant times, Plaintiff owned and operated a real estate business and was active in charitable and community organizations.

12.     Prior to the events at issue, Plaintiff had no history of violent behavior and posed no threat to public safety.

13.     On or about March 18, 2025, Plaintiff went to a Walmart store located in Cobb County, Georgia, to purchase over-the-counter medication for his elderly mother.

3

14. While inside the store, Plaintiff encountered a woman later identified as Caroline Miller, who was riding an electric mobility cart accompanied by her two young children.

15. Plaintiff asked Ms. Miller for assistance in locating Tylenol. Ms. Miller agreed and directed Plaintiff toward the appropriate aisle.

16. As the cart turned into the aisle, it clipped a display. Plaintiff observed that Ms. Miller's two-year-old child appeared to be losing balance and at risk of falling from her lap.

17. Acting instinctively and without any improper intent, Plaintiff briefly reached out to steady the child to prevent him from falling.

18. The interaction lasted only a moment. Plaintiff did not attempt to remove the child from Ms. Miller's custody, did not pull the child toward himself, and did not use any force.

19. Immediately after the brief exchange, Plaintiff walked away, completed his purchase of Tylenol, and exited the store.

20. The entire incident was captured on Walmart's in-store surveillance cameras.

21. Several days later, on or about March 21, 2025, Defendant Detective James Evan Wallace of the Acworth Police Department applied for and obtained

4

an arrest warrant for Plaintiff, charging him with criminal attempt to commit kidnapping, simple assault, and simple battery.

22.    At the time he sought the warrant, Defendant Wallace knew or should have known that Walmart maintained surveillance video of the encounter.

23.    Rather than reviewing and fairly evaluating the surveillance footage, Defendants Wallace and Stoddard relied almost exclusively on Ms. Miller's allegations.

24.    The available video evidence directly contradicted the claim that Plaintiff attempted to abduct a child or engaged in any assaultive conduct.

25.    Defendants Wallace and Stoddard failed to conduct a reasonable investigation before seeking criminal charges against Plaintiff.

26.    On or about March 24, 2025, while driving on a Georgia highway, Plaintiff was stopped by police officers, informed that a warrant had been issued for his arrest, handcuffed, and taken into custody.

27.    Plaintiff was transported to the Cobb County Jail, where he was detained without bond.

28.    On April 3, 2025, the State of Georgia sought and obtained an indictment against Plaintiff based primarily on information provided by Defendants Wallace and Stoddard.

29.     Defendants knew at the time of the indictment that the surveillance video did not support the allegations made by Ms. Miller.

30.     Despite possessing exculpatory evidence that undermined probable cause, Defendants continued to pursue criminal charges against Plaintiff.

31.     Plaintiff remained incarcerated at the Cobb County Jail for approximately forty-seven (47) days without bond.

32.     During his detention, Plaintiff was deprived of necessary hypertension medication for several days and lost significant weight due to inadequate vegetarian food options.

33.     Plaintiff was subjected to threats and intimidation from other detainees and lived in constant fear for his safety.

34.     Plaintiff's prolonged incarceration caused severe emotional distress, anxiety, humiliation, and psychological trauma.

35.     Because Plaintiff's wife was out of town caring for her elderly mother and Plaintiff's mother did not speak English, Plaintiff received no family visits while detained, with the exception of one video call.

36.     Plaintiff was unable to manage his real estate business during this period, resulting in lost income and damage to his professional reputation.

37. In early May 2025, Plaintiff's defense counsel obtained and presented Walmart surveillance footage showing the interaction between Plaintiff and Ms. Miller.

38. The video demonstrated that there was no "tug-of-war," no assault, and no attempt to abduct a child.

39. After review of the video, a court set bond, and Plaintiff was released from custody.

40. On August 6, 2025, the criminal charges against Plaintiff were formally dismissed.

41. Despite the dismissal of all charges, Plaintiff continues to suffer reputational harm due to widespread media coverage of his arrest.

42. As a result of Defendants' actions, Plaintiff lost business opportunities, was removed from charitable organizations, and endured significant public stigma.

43. Plaintiff incurred substantial legal fees and costs defending himself against criminal charges that lacked probable cause.

44. Defendants' actions caused Plaintiff to suffer loss of liberty, emotional distress, financial harm, and damage to his reputation.

45.    While in the store, Plaintiff approached Caroline Miller, who was sitting in a handicapped shopping cart with her two-year-old son in her lap and her four-year-old daughter between her feet and asked her where the Tylenol was.

## CLAIMS FOR RELIEF

### Count I
### Malicious Prosecution in Violation of 42 USC § 1983
### *(against Defendants Wallace and Stoddard)*

46.    Plaintiff repeats and realleges the factual allegations set forth in paragraphs 10-45 as if fully set forth herein.

47.    Defendants Wallace and Stoddard, acting under color of state law, initiated and continued a criminal prosecution against Plaintiff.

48.    Defendants caused charges to be pursued against Plaintiff without probable cause by providing materially false, misleading, and incomplete information and by disregarding exculpatory surveillance evidence.

49.    Had Defendants conducted a reasonable investigation and considered the surveillance video, no reasonable officer would have concluded that probable cause existed.

50.    Defendants acted with malice and reckless disregard for Plaintiff's constitutional rights.

51.    Plaintiff was seized pursuant to legal process, including arrest on a warrant, pretrial detention, and court-ordered conditions.

52.    The prosecution terminated in Plaintiff's favor on August 6, 2025.

53.    As a direct and proximate result, Plaintiff suffered damages including loss of liberty, emotional distress, reputational harm, lost income, damage to his reputation , and incurred legal fees and costs in defending the criminal case.

54.    As a direct and proximate result of Defendants' malicious prosecution, Plaintiff has suffered damages in an amount to be determined at trial.

55.    Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**Count II**
**Monell Liability for Malicious Prosecution**
**(against City of Acworth, Georgia)**

56.    Plaintiff repeats and realleges the factual allegations set forth in paragraphs 10-45 as if fully set forth herein.

57.    At all relevant times, Defendant City of Acworth, Georgia, acting through its Police Department, was responsible for establishing policies, practices, and customs governing the investigation of criminal offenses and the initiation of criminal charges.

58.    Defendant City of Acworth maintained policies, practices, or customs that caused or permitted police officers to initiate and pursue criminal prosecutions without probable cause and to disregard exculpatory evidence.

9

59.    These policies, practices, or customs included one or more of the following:

a.    Failing to adequately train and supervise officers regarding their constitutional duty to disclose exculpatory evidence;

b.    Encouraging or tolerating the preparation of warrant applications based on incomplete, misleading, or false information;

c.    Failing to require officers to review and preserve readily available exculpatory evidence before seeking warrants or criminal charges;

d.    Allowing officers to pursue prosecutions despite the absence of probable cause; and

e.    Failing to discipline officers who engaged in such unconstitutional conduct.

60.    The need for such training and supervision was obvious, and the City's failure to implement adequate policies amounted to deliberate indifference to the constitutional rights of individuals such as Plaintiff.

61.    Pursuant to these policies, practices, or customs, Defendants Wallace and Stoddard initiated and continued criminal charges against Plaintiff despite knowing that the available surveillance video and other evidence undermined probable cause.

62. The actions of Defendants Wallace and Stoddard were taken pursuant to, and were caused by, the policies, customs, or deliberate indifference of Defendant City of Acworth.

63. As a direct and proximate result of these municipal policies, practices, or customs, Plaintiff was seized pursuant to legal process, wrongfully prosecuted, and deprived of his Fourth Amendment rights.

64. As a result of Defendant City of Acworth's unconstitutional policies and practices, Plaintiff was incarcerated for approximately 47 days without bond.

65. Plaintiff suffered damages including loss of liberty, lost wages, emotional distress, mental anguish, humiliation, damage to his reputation, and legal fees and costs incurred in defending the criminal case.

66. Defendant City of Acworth is liable to Plaintiff for compensatory damages, punitive damages where permitted, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

67. As a direct and proximate result of Defendants' municipal policy or custom, Plaintiff has suffered damages in an amount to be determined at trial.

## Count III
## Class-of-One Equal Protection Violation in Violation of 42 USCS § 1983
## (against Defendants Wallace and Stoddard)

68.     Plaintiff repeats and realleges the factual allegations set forth in paragraphs 10-45 as if fully set forth herein.

69.     Defendants treated Plaintiff differently from similarly situated individuals.

70.     Prosecutors who run the Cobb County District Attorney's Office instructed everyone to treat Plaintiff differently and to go after him no matter what, even if they knew he was innocent.

71.     Defendants prosecuted Plaintiff despite the lack of probable cause and the exculpatory nature of the surveillance video.

72.     Defendants' decision was based on an arbitrary and irrational classification.

73.     Defendants' decision to prosecute Plaintiff was not based on any legitimate law enforcement purpose.

74.     Defendants knew or should have known that there was no probable cause to arrest or prosecute Plaintiff.

75.     Defendants singled out Plaintiff for prosecution despite knowing he was innocent.

76.    Plaintiff was not targeted because of his membership of a suspect class and the differential treatment.

77.    Plaintiff suffered damages as a result of the class-of-one equal protection violation.

78.    Plaintiff spent 47 days in jail without bond.

79.    Plaintiff suffered lost wages, emotional distress, mental anguish, damage to his reputation, and incurred legal fees and costs in defending the criminal case.

80.    As a direct and proximate result of Defendants' class-of-one equal protection violation, Plaintiff has suffered damages in an amount to be determined at trial.

**Count IV**
**Conspiracy to Deprive Constitutional Rights in Violation of 42 USCS § 1983**
**(against all Defendants)**

81.    Plaintiff repeats and realleges the factual allegations set forth in paragraphs 10-45 as if fully set forth herein.

82.    Defendants conspired to deprive Plaintiff of his constitutional rights.

83.    Caroline Miller made false allegations against Plaintiff, claiming that Plaintiff grabbed her son and pulled him away from her.

84.    Detective James Evan Wallace applied for an arrest warrant based on Caroline Miller's false allegations.

13

85.     The State sought an indictment against Plaintiff and continued the prosecution based on Caroline Miller's false allegations.

86.     Defendants acted in concert to deprive Plaintiff of his constitutional rights to due process and equal protection.

87.     Defendants' conspiracy was motivated by malice and an intent to deprive Plaintiff of his constitutional rights.

88.     Prosecutors who run the Cobb County District Attorney's Office instructed everyone to treat Plaintiff differently and to go after him no matter what, even if they knew he was innocent.

89.     Caroline Miller participated in the conspiracy by making false allegations and maintaining those allegations despite the exculpatory surveillance video.

90.     Plaintiff suffered damages as a result of the conspiracy.

91.     Plaintiff spent 47 days in jail without bond.

92.     Plaintiff suffered lost wages, emotional distress, mental anguish, damage to his reputation, and incurred legal fees and costs in defending the criminal case.

93.     As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered damages in an amount to be determined at trial.

14

## Count V
## Malicious Prosecution Under Georgia Common Law
## (against Defendants Wallace, City of Acworth, and Miller)

94.     Plaintiff repeats and realleges the factual allegations set forth in paragraphs 10-45 as if fully set forth herein.

95.     Defendants initiated or continued a criminal prosecution against Plaintiff.

96.     On March 21, 2025, Detective James Evan Wallace applied for an arrest warrant for Plaintiff, charging him with kidnapping, simple assault, and simple battery.

97.     On April 3, 2025, the State sought an indictment against Plaintiff, and the grand jury returned an indictment charging Plaintiff with criminal attempt to commit kidnapping, simple assault, and simple battery.

98.     Caroline Miller made false allegations against Plaintiff that formed the basis for the criminal prosecution.

99.     Defendants continued to prosecute Plaintiff until the charges were dismissed on August 6, 2025.

100.   Defendants initiated and continued the criminal prosecution without probable cause.

101.   The Acworth Police Department incident report states that Caroline Miller did not lose grasp of her son and pulled him back.

102. The Walmart surveillance video, when viewed in its entirety, made it clear that no crime took place.

103. Despite the lack of probable cause and the exculpatory nature of the surveillance video, Defendants continued to prosecute Plaintiff.

104. Defendants acted with malice in initiating and continuing the criminal prosecution.

105. On April 3, 2025, the same day that Plaintiff's defense counsel served a subpoena on the Acworth Police Department for the Walmart surveillance video, the State filed a motion to quash the subpoena and sought an indictment against Plaintiff.

106. The State's simultaneous filing of a motion to quash the subpoena and seeking an indictment suggests consciousness of guilt or knowledge that the surveillance video would exonerate Plaintiff.

107. The State did not call Detective Wallace to testify to the grand jury, instead calling an employee of the district attorney's office to testify.

108. Prosecutors who run the Cobb County District Attorney's Office instructed everyone to treat Plaintiff differently and to go after him no matter what, even if they knew he was innocent.

109. Caroline Miller was a known liar with no credibility, yet Defendants relied on her false allegations to prosecute Plaintiff.

16

110. The criminal prosecution terminated in Plaintiff's favor.

111. On August 6, 2025, the charges against Plaintiff were dismissed.

112. Plaintiff suffered damages as a result of the malicious prosecution.

113. Plaintiff spent 47 days in jail without bond.

114. Plaintiff suffered lost wages, emotional distress, mental anguish, damage to his reputation, and incurred legal fees and costs in defending the criminal case.

115. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff has suffered damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award compensatory damages against all Defendants in an amount to be determined at trial;

2. Award compensatory damages against all Defendants in an amount to be determined at trial;

3. Award punitive damages against all Defendants in an amount to be determined at trial pursuant to O.C.G.A. § 51-12-5.1;

4. Award reasonable attorney's fees and costs pursuant to 42 USCS § 1988; and

5. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 9, 2026

Respectfully Submitted,

*/s/ David Miceli*
David F. Miceli (GA Bar No. 503900)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
800 Gay Street, Suite 1100
Knoxville, TN 37929
Telephone:  (866) 252-0878
Facsimile:   (865) 522-0049
dmiceli@milberg.com

Alex R. Straus*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
280 S. Beverly Drive, PH Suite
Beverly Hills, CA 90212
Telephone: (866) 252-0878
Facsimile:  (865) 522-0049
astraus@milberg.com

Solomon M. Radner*
**RADNER LAW GROUP, PLLC**
17515 West 9 Mile Rd, Suite 1050
Southfield, MI 48075
Telephone: (877) 723-6375
Facsimile:  (866) 571-1020
solomon@radnerlawgroup.com

*Attorneys for Plaintiff Mahendra Patel*
***Pro Hac Vice** forthcoming*

18