UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 6 2026

KEVIN P WEIMER. Clerk
By: _____ Deputy Clerk

MAHENDRA PATEL,
Plaintiff,

v.                                    CIVIL ACTION NO. 1:26-cv-00732-SDG

OFFICER JAMES EVAN WALLACE,
CITY OF ACWORTH,
SONYA F. ALLEN,
CAROLINE MILLER, and
TEMPERANCE STODDARD,

Defendants.

**DEFENDANT CAROLINE MILLER'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Caroline Miller, appearing pro se, answers Plaintiff's Complaint as follows:

*NOTE ON PARAGRAPH NUMBERING: The Complaint contains duplicate paragraph numbers. Specifically, Paragraph 6 appears twice (once in the PARTIES section concerning Defendant Sonya F. Allen, and once in the JURISDICTION section regarding personal jurisdiction over the City of Acworth), Paragraph 7 appears twice (once in the PARTIES section identifying Defendant Miller, and once in the JURISDICTION section regarding personal jurisdiction over Defendant Allen), and Paragraph 8 appears twice (once in the PARTIES section identifying Defendant Stoddard, and once in the JURISDICTION section regarding personal jurisdiction over Defendant Miller). To avoid ambiguity, Defendant's responses below address the allegations in the order they appear in the Complaint, responding first to allegations in the PARTIES section and then to allegations in the JURISDICTION section. Where paragraph numbers are duplicated, Defendant responds to both instances.*

1. Defendant admits the allegations in Paragraph 1.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 concerning Defendant Wallace's employment and official capacity, and therefore denies the same.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 concerning the City of Acworth, and therefore denies the same.

4. Defendant admits the allegations in Paragraph 4 concerning subject matter jurisdiction and supplemental jurisdiction over state law claims.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the same.

6. Defendant responds to both instances of Paragraph 6 in the Complaint. With respect to Paragraph 6 in the PARTIES section concerning Defendant Sonya F. Allen, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and therefore denies the same. With respect to Paragraph 6 in the JURISDICTION section concerning personal jurisdiction over the City of Acworth, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and therefore denies the same.

7. Defendant responds to both instances of Paragraph 7 in the Complaint. With respect to Paragraph 7 in the PARTIES section, Defendant admits she is a resident of Georgia and is being sued in her individual capacity. With respect to Paragraph 7 in the JURISDICTION section concerning personal jurisdiction over Defendant Allen, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and therefore denies the same.

8. Defendant responds to both instances of Paragraph 8 in the Complaint. With respect to Paragraph 8 in the PARTIES section concerning Defendant Stoddard, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and therefore denies the same. With respect to Paragraph 8 in the JURISDICTION section, Defendant admits this Court has personal jurisdiction over her.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 concerning personal jurisdiction over Defendant Stoddard, and therefore denies the same.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the same.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14. Defendant admits that she was at a Walmart store with her two children on the date alleged, but denies Plaintiff's characterization of the events.

15. Defendant admits that Plaintiff asked her for assistance in locating Tylenol and that she provided directions.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17. Plaintiff did not act to prevent any fall; rather, Plaintiff unexpectedly picked up Defendant's child without permission.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20. Defendant lacks sufficient knowledge or information to form a belief as to what was captured on any surveillance footage, and therefore denies the allegations in Paragraph 20.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the same.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies the same.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies the same.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the same.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the same.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the same.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the same.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the same.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the same.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies the same.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies the same.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies the same.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies the same.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies the same.

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the same.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies the same.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies the same.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies the same.

44. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies the same.

45. Defendant admits the allegations in Paragraph 45.

46. Defendant incorporates by reference her responses to Paragraphs 10-45 above.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies the same.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies the same.

49. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies the same.

50. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies the same.

51. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies the same.

52. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies the same.

53. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies the same.

54. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies the same.

55. Defendant denies that Plaintiff is entitled to any damages from Defendant.

56. Defendant incorporates by reference her responses to Paragraphs 10-45 above.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies the same.

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies the same.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies the same.

60. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies the same.

61. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies the same.

62. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies the same.

63. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies the same.

64. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64, and therefore denies the same.

65. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies the same.

66. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies the same.

67. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies the same.

68. Defendant incorporates by reference her responses to Paragraphs 10-45 above.

69. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies the same.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies the same.

72. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies the same.

73. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies the same.

74. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies the same.

75. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies the same.

76. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies the same.

77. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies the same.

78. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies the same.

79. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies the same.

80. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies the same.

81. Defendant incorporates by reference her responses to Paragraphs 10-45 above.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies the same.

85. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies the same.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies the same.

91. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91, and therefore denies the same.

92. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92, and therefore denies the same.

93. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93, and therefore denies the same.

94. Defendant incorporates by reference her responses to Paragraphs 10-45 above.

95. Defendant denies that she initiated or continued any criminal prosecution against Plaintiff.

96. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96, and therefore denies the same.

97. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies the same.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99, and therefore denies the same.

100. Defendant denies that she lacked probable cause to report the incident to law enforcement.

101. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101, and therefore denies the same.

102. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies the same.

103. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103, and therefore denies the same.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies the same.

106. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies the same.

107. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107, and therefore denies the same.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations contained in Paragraph 109.

110. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110, and therefore denies the same.

111. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111, and therefore denies the same.

112. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies the same.

113. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies the same.

114. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies the same.

115. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115, and therefore denies the same.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without waiving any denials stated above:

## FIRST AFFIRMATIVE DEFENSE

*Failure to State a Claim*

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

*Lack of State Action*

Plaintiff's claims under 42 U.S.C. § 1983 fail because Defendant is a private citizen who did not act under color of state law.

## THIRD AFFIRMATIVE DEFENSE

*Qualified Privilege for Reporting*

Defendant is entitled to qualified privilege under Georgia law for reporting suspected criminal activity to law enforcement authorities in good faith.

## FOURTH AFFIRMATIVE DEFENSE

*First Amendment Protection*

Defendant's report to law enforcement constitutes protected speech under the First Amendment right to petition the government.

## FIFTH AFFIRMATIVE DEFENSE

*Statute of Limitations*

Plaintiff's claims are barred in whole or in part by applicable statutes of limitation. Federal civil rights claims under 42 U.S.C. § 1983 are subject to Georgia's two-year statute of limitations for personal injury actions, O.C.G.A. § 9-3-33. State law claims are subject to applicable statutes of limitation including the two-year limitation period for personal injury actions set forth in O.C.G.A. § 9-3-33.

## SIXTH AFFIRMATIVE DEFENSE

*Lack of Causation*

Any prosecution or investigation was conducted independently by law enforcement authorities based on their own investigation and judgment, not caused by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

*Lack of Damages*

Plaintiff has failed to allege and cannot prove actual damages caused by Defendant's conduct.

## EIGHTH AFFIRMATIVE DEFENSE

*Probable Cause*

Defendant had probable cause to report the incident based on her reasonable belief that Plaintiff engaged in unauthorized physical contact with her minor child.

## NINTH AFFIRMATIVE DEFENSE

*Good Faith*

All actions taken by Defendant were taken in good faith with reasonable belief that such actions were appropriate and necessary.

## TENTH AFFIRMATIVE DEFENSE

*Parental Rights*

Defendant was exercising her fundamental parental rights to protect her minor child from unwanted physical contact.

## ELEVENTH AFFIRMATIVE DEFENSE

*Qualified Privilege*

Defendant is entitled to qualified privilege under Georgia law for reporting suspected criminal activity to law enforcement authorities.

## TWELFTH AFFIRMATIVE DEFENSE

*Lack of Conspiracy*

Plaintiff cannot establish any agreement or meeting of the minds between Defendant and any other party.

## THIRTEENTH AFFIRMATIVE DEFENSE

*Intervening Cause*

Any alleged damages were caused by the independent decisions of law enforcement and prosecutors.

## FOURTEENTH AFFIRMATIVE DEFENSE

*Failure to Mitigate*

Plaintiff failed to take reasonable steps to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

*Failure to Plead Fraud with Particularity*

To the extent Plaintiff's claims sound in fraud or allege fraudulent conduct, the Complaint fails to plead such claims with the particularity required by Federal Rule of Civil Procedure 9(b).

Defendant reserves the right to assert additional affirmative defenses as may become apparent through discovery.

WHEREFORE, Defendant Caroline Miller respectfully requests that this Court dismiss Plaintiff's claims against her and grant such other relief as the Court deems just and proper.

Respectfully submitted this 16th day of March, 2026.

/s/ Caroline Miller

Caroline Miller

Defendant appearing pro se

3709 Anna Ct NW

Kennesaw, Georgia 30144

Telephone: (678) 629-2994

Email: Carolineelizabeth789@gmail.com

## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that this document has been prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

/s/ Caroline Miller

Caroline Miller

## CERTIFICATE OF SERVICE

I hereby certify that on March 16th, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

David F. Miceli

Milberg Coleman Bryson Phillips Grossman PLLC

800 Gay Street, Suite 1100

Knoxville, TN 37929

Attorney for Plaintiff

This 16th day of March , 2026.

/s/ Caroline Miller

Caroline Miller

Defendant appearing pro se