**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MAHENDRA PATEL,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER JAMES EVAN WALLACE, *et al.*,<br><br>Defendants. | CIVIL ACTION No.<br>1:26-CV-00732-SDG |

**REPLY IN SUPPORT OF DEFENDANTS ALLEN AND STODDARD'S MOTION TO DISMISS**

Defendants Sonya Allen and Temperance Stoddard, through counsel, submit this reply in support of their motion to dismiss all claims against them based on absolute prosecutorial immunity, qualified immunity, and for failure to state a claim.

As an initial matter, Plaintiff does not oppose the dismissal of his official capacity claims against Defendant Sonya Allen, the District Attorney of Cobb County. (Doc. 21 at 11-12). Plaintiff only sued Allen "in her official capacity as District Attorney." (Doc. 1, ¶ 6). Plaintiff's response identifies Allen as being "sued in her official capacity," not her individual capacity. (Doc. 21 at 6). Confusingly, however, Plaintiff's response seems to state that he is nonetheless proceeding with a conspiracy claim against Allen, (*id.* at 21), but again, Plaintiff only sued Allen in

her official capacity. Plaintiff's official capacity claims against Allen are barred by the Eleventh Amendment and sovereign immunity, and therefore all claims against Allen must be dismissed. (Doc. 19-1 at 5-7). Any conspiracy claim against Allen is also barred by prosecutorial immunity. (*Id.* at 7-9).

Next, Plaintiff agrees that Count III, his equal protection claim, should be dismissed. (Doc. 21 at 18).

Importantly, Plaintiff agrees to the dismissal of any § 1983 claim against Stoddard that is "based on her grand jury testimony." (Doc. 21 at 8). Plaintiff agrees that "a grand jury witness has absolute immunity from any §1983 claim based on the witness's testimony." *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012).

That leaves Plaintiff's Fourth Amendment malicious prosecution claim against Stoddard and his associated conspiracy claim. But Plaintiff's claims against Stoddard are barred by prosecutorial immunity. (Doc. 19-1 at 9-11). Stoddard was an investigator with the Cobb County District Attorney's Office. (Doc. 1, ¶ 8). In his response, Plaintiff tries to avoid prosecutorial immunity by arguing that Stoddard was acting in a "detective" role and not in a prosecutorial function. However, Plaintiff's argument is a bait and switch. Read honestly, the complaint states that on March 21, 2025, Detective James Wallace of the Acworth Police Department "applied for and obtained an arrest warrant for Plaintiff." (Doc. 1, ¶¶ 21, 26). Regarding his arrest, Plaintiff's contention is that "[a]t the time he sought the

warrant, Defendant Wallace knew or should have known that Walmart maintained surveillance video" of the incident, which Plaintiff contends was exculpatory. (*Id.*, ¶ 22).

The complaint does not allege that Stoddard was involved in the investigation before Plaintiff's arrest. Stoddard did not obtain the arrest warrant, was not involved in the pre-arrest investigation, did not communicate with Wallace, did not have knowledge of the arrest warrant, and did not interview witnesses or gather evidence before Plaintiff's arrest.[1] (*See generally* Doc. 1). Stoddard's only involvement occurred *after* Detective Wallace arrested Plaintiff, when she properly acted in her prosecutorial advocacy role. Under *Imbler v. Pachtman*, 424 U.S. 409 (1976), and its progeny, Stoddard is absolutely immune from § 1983 liability.

Moreover, because Stoddard was not involved before Plaintiff's arrest, and

[1]To avoid prosecutorial immunity, Plaintiff's response states that "[a]ll references in this brief to Defendant Stoddard's conduct concern her pre-charge, non-testimonial investigative activities during the period from March 18 [the date of the incident] through March 21 [the date Detective Wallace obtained the arrest warrant]." (Doc. 21 at 10). Plaintiff's complaint does not detail any such activities, so the contentions in his response accomplish nothing. And as a matter of fact, though, Stoddard was not involved in Plaintiff's case before she testified before the grand jury on April 3, 2025. Plaintiff's assertion that Stoddard was involved in the investigation from March 18 through March 21 does not "have evidentiary support" and will not "likely have evidentiary support." Fed. R. Civ. P. 11(b)(3). Counsel for Stoddard has informed Plaintiff's counsel that the contentions in the response about Stoddard's activities from March 18 through March 21 are inaccurate. Counsel will further confer on Plaintiff's obligation to withdraw the inaccurate contentions in his response.

because she did not obtain the arrest warrant, she cannot be held liable under the Fourth Amendment for malicious prosecution. Plaintiff's associated conspiracy claim fails because Plaintiff fails to allege an underlying constitutional violation, let alone that Allen and Stoddard made an agreement with the other Defendants to violate his constitutional rights, and Allen and Stoddard are nonetheless immune from liability for any conspiracy claim relating to Plaintiff's prosecution. Finally, even if prosecutorial immunity does not apply, Allen and Stoddard are entitled to qualified immunity because their conduct, as alleged, did not violate clearly established law.

**A. Plaintiff's claims against Stoddard are barred by absolute prosecutorial immunity.**

Plaintiff argues that Stoddard engaged in "detective work" before Plaintiff's arrest, but *post-hoc* window dressing in a response brief does not change the allegations pled. In the complaint, Plaintiff alleges that Detective Wallace obtained the warrant to arrest him on March 21, 2025, "charging him with criminal attempt to commit kidnapping, simple assault, and simple battery." (Doc. 1, ¶ 21). Plaintiff alleges that "Detective Wallace knew or should have known that Walmart maintained surveillance video of the encounter" before he arrested Plaintiff. (*Id.*, ¶ 22).

Plaintiff does not (and cannot) allege that Stoddard was involved in the investigation before Detective Wallace obtained the warrant. Instead, Plaintiff

vaguely alleges that Stoddard "failed to conduct a reasonable investigation before seeking criminal charges against Plaintiff," (*id.*, ¶ 25), but there's the rub. The next event alleged in the complaint is "the State of Georgia sought and obtained an indictment" on April 3, 2025. (*Id.*, ¶ 28). That allegation tells the Court all it needs to know for prosecutorial immunity. Presenting an indictment for the State of Georgia is a prosecutorial function that is protected by absolute immunity.

Prosecutors are entitled to absolute immunity when performing functions "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). And "investigators for district attorneys are entitled to absolute prosecutorial immunity for acts done within their prosecutorial role." *Gardner v. Bottoms*, No. 23-12772, 2025 U.S. App. LEXIS 5823, at *1 (11th Cir. Mar. 13, 2025). Seeking a post-arrest indictment is covered by prosecutorial immunity. *Mastroianni v. Bowers*, 173 F.3d 1363, 1366-67 (11th Cir. 1999); *see also Neville v. Classic Gardens*, 141 F. Supp. 1377, 1384 (S.D. Ga. 2001) ("[A] prosecutor's decision whether or not to prosecute[] lies at the heart of the prosecutorial function"). Presenting an indictment to a grand jury is covered by prosecutorial immunity. *Rehberg v. Paulk*, 611 F.3d 828, 851 (11th Cir. 2010). So too is reviewing and evaluating the available evidence and preparing the case for indictment. *Gardner v. Bottoms*, No. 1:21-cv-2798-TCB, 2023 U.S. Dist. LEXIS 155262 at *8-9 and *19-20 (N.D. Ga. July 21, 2023), *aff'd* 2025 U.S. App. LEXIS

5823 (11th Cir. Mar. 13, 2025). Plaintiff's claims against Stoddard are barred by absolute immunity.

**B. Plaintiff's malicious prosecution claim against Stoddard fails.**

Plaintiff's theory is that Stoddard can be held liable under the Fourth Amendment because she failed to obtain the supposedly exculpatory Walmart video before Detective Wallace sought the arrest warrant. Plaintiff argues that *Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020), establishes non-affiant liability. Plaintiff misses the point. *Williams* does not establish liability against all non-affiants regardless of their involvement. *Williams* involved two defendant-officers who supplied false information to the affiant-officer (the officers said the plaintiff pointed a gun at them), and the affiant *relied* on that false information to obtain a warrant. *Id.* at 1165-66 ("a reasonable jury could find that the officers lied when *they* accused Williams of pointing a gun at them") (emphasis added). For Plaintiff's theory to succeed, he must allege that Stoddard, herself, "made false statements or omitted information" in the arrest warrant. *Laskar v. Hurd*, 972 F.3d 1278, 1296 (11th Cir. 2020). A plaintiff only "establishes causation if he proves that a defendant's false statements were material to his seizure pursuant to legal process." *Id.* at 1297. "Without alleging that [Stoddard] intentionally or recklessly made false statements to support the legal process justifying his seizure, [Plaintiff's] claims against [her] fail." *Id.*

Plaintiff's malicious prosecution claim is premised on an alleged omission—the failure to obtain the Walmart video—but Plaintiff does not allege that Stoddard was involved in the investigation before Detective Wallace obtained the arrest warrant on March 21, 2025. Stoddard cannot be held liable for any alleged failure to investigate on the part of Detective Wallace because "[a] § 1983 claim cannot be based upon vicarious liability." *Brown v. Smith*, 813 F.2d 1187, 1187 (11th Cir. 1987) (citing *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985)).

Furthermore, even if Stoddard could be held liable for Detective Wallace's actions (she cannot), Detective Wallace had arguable probable cause to arrest Plaintiff. Plaintiff faults Detective Wallace for relying on the victim's statement, but it is well established that "an officer is entitled to rely on a victim's criminal complaint as support for probable cause." *Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998); *see also Myers v. Bowman*, 713 F.3d 1319, 1323, 1326-27 (11th Cir. 2013). Plaintiff's reliance on *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004) is misplaced as the facts of *Kingsland* are not analogous to this case. In *Kingsland*—which the Eleventh Circuit called "unique and exceptional"—the plaintiff was arrested for driving under the influence after a collision with an off-duty police officer, and none of the twenty police officers on the scene took the plaintiff's statement or questioned any witness at the scene other than the off-duty officer. *Id.* at 1223-25. There, the officers failed to conduct a reasonable

investigation because there was strong evidence that the officers fabricated the fact that they detected cannabis odor so they could arrest the plaintiff, and in doing so they "chose to either ignore or misrepresent" the facts behind the arrest. *Id.* at 1226-27, 1231. *Kingsland* did not hold that an "officer cannot establish probable cause by pointing to the eyewitness statement alone," as Plaintiff contends. (Doc. 21 at 21). The "unique and exceptional" circumstances of *Kingsland* do not apply here and Detective Wallace was entitled to rely on the victim's report. Regardless, any *Kingsland*-based claim would only apply to Detective Wallace because *Kingsland* involved officers who conducted the investigation at the scene. Plaintiff fails to allege that Stoddard was involved in the pre-arrest investigation and fails to state a malicious prosecution claim against her.

**C. Plaintiff fails to state a conspiracy claim.**

As stated above, Plaintiff has only sued Defendant Allen in her official capacity, and Plaintiff agrees that all claims against Allen in her official capacity should be dismissed, which includes the conspiracy claim against her. Regardless, in addition to being barred by absolute immunity, the complaint completely fails to state a conspiracy claim against Allen and Stoddard.

A § 1983 claim for conspiracy to violate constitutional rights requires a showing that "a conspiracy existed that resulted in the actual denial of some underlying constitutional right," and that "the parties reached an understanding to

deny the plaintiff his or her rights." *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010). Furthermore, a plaintiff must "plead in detail, through reference to material facts, the relationship or nature of the conspiracy." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1991).

*First*, as shown above, Plaintiff fails to state a claim for an underlying constitutional violation. A conspiracy under § 1983 rises and falls with the alleged constitutional violation. *See, e.g., NAACP v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990) ("[i]n the absence of th[e] underlying claim, the conspiracy claim under section 1983 must fail"). The underlying claim here—malicious prosecution—fails.

*Second,* there are no factual allegations showing that Defendants Allen and Stoddard made an agreement to violate Plaintiff's constitutional rights. To be clear, Plaintiff must allege facts showing that that Defendants made an agreement to violate the specific constitutional right alleged: malicious prosecution under the Fourth Amendment. Other than naming Allen as a defendant, there are no allegations in the complaint against her, and certainly no allegations showing that she made an agreement with Detective Wallace to submit a false warrant for Plaintiff's arrest. As shown above, Plaintiff has not alleged that Stoddard was involved in the pre-arrest investigation, so she could not have made an agreement to submit a false warrant to unlawfully seize Plaintiff. Plaintiff argues that "*Grider* itself illustrates that where officials fabricated or recklessly supported a baseless prosecution, the § 1983

conspiracy claim survives the motion to dismiss stage," (Doc. 21 at 25), but that is wrong. In *Grider*, the Eleventh Circuit *reversed* the denial of qualified immunity for the plaintiff's conspiracy claims against the officers because there was no evidence showing that the officers agreed to maliciously prosecute the plaintiff, and because the plaintiff's conspiracy claims were otherwise barred by the intracorporate conspiracy doctrine. *Grider*, 618 F.3d at 1259-63.

*Third,* Allen and Stoddard—who both worked for the Cobb County District Attorney—cannot be held liable for allegedly conspiring with each other because "[t]he intracorporate conspiracy doctrine bars conspiracy claims against corporate or government actors accused of conspiring together within an organization, preventing [Plaintiff's] claim that they 'conspired' to initiate a [malicious] prosecution." *Rehberg*, 611 F.3d at 855. As Plaintiff has not alleged any agreement between Allen, Stoddard, and any other Defendant to violate his Fourth Amendment rights, there can be no claim based on an alleged conspiracy between Allen and Stoddard.

*Fourth*, Allen and Stoddard are entitled to absolute immunity for any claim relating to Plaintiff's prosecution. A prosecutor and her investigator "cannot be liable for 'conspiracy' to violate the [plaintiff's] constitutional rights by prosecuting him if the prosecutor also is immune from liability for actually prosecuting the [plaintiff]." *Rehberg*, 611 F.3d at 855 (citing *Rowe v. Fort Lauderdale*, 279 F.3d

1271, 1282 (11th Cir. 2002)). Plaintiff's conspiracy claim against Allen and Stoddard fails.

**D. Allen and Stoddard are entitled to qualified immunity.**

Even if Allen and Stoddard were not entitled to absolute immunity, they have qualified immunity from suit. Plaintiff's response does not dispute that, at all relevant times, Allen and Stoddard were acting within their discretionary authority as a prosecutor and a prosecutor's investigator. The burden is on Plaintiff to show that qualified immunity is not appropriate. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Qualified immunity is a two-part inquiry, asking "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and [ ] if so, whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *Underwood v. City of Bessemer*, 11 F.4th 1317, 1328 (11th Cir. 2021) (internal quotation marks omitted). The Court may analyze these two prongs in any order. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009); *Underwood*, 11 F.4th at 1328. Qualified immunity shields a defendant from liability if the plaintiff fails to meet either prong. *Underwood,* 11 F.4th at 1328.

Plaintiff fails on both prongs. As shown above, Plaintiff fails to state a constitutional violation, and the case law does not clearly establish liability against Allen and Stoddard. Contrary to Plaintiff's assertions, *Williams v. Aguirre* does not clearly establish liability here. A Fourth Amendment malicious prosecution claim

must be premised on an unlawful seizure based on a false warrant. *Williams*, 965 F.3d at 1165-66; *Laskar*, 972 F.3d at 1296-97. Detective Wallace obtained the warrant for Plaintiff's arrest, and Stoddard cannot be held liable for any alleged omission on the part of Wallace. "Without alleging that [Stoddard] intentionally or recklessly made false statements to support the legal process justifying his seizure, [Plaintiff's] claims against [her] fail." *Laskar*, 972 F.3d at 1297. Indeed, there is no vicarious liability under § 1983. *Brown*, 813 F.2d at 1187; *see also Kelly v. Curtis*, 21 F.3d 1544, 1551 (11th Cir. 1994) ("There is no authority for imputing to those two [officials] the knowledge and alleged culpability of another detective; the law did not then, and does not now, clearly establish such vicarious co-employee liability."). Plaintiff's conspiracy claim is barred by qualified immunity because the underlying Fourth Amendment claim fails, and because the law does not clearly establish a conspiracy claim under these circumstances. To the contrary, a prosecutor and her investigator "cannot be liable for 'conspiracy' to violate [Plaintiff's] constitutional rights by prosecuting him" because they are absolutely immune from liability for prosecuting him. *Rehberg*, 611 F.3d at 855 (citing *Rowe*, 279 F.3d at 1282).

## CONCLUSION

For the reasons stated above, as well as those in their initial brief, Defendants Allen and Stoddard respectfully request that the Court grant their motion to dismiss

all claims against them in this action.

Respectfully submitted this 13th day of May 2026,

CHRISTOPHER M. CARR 112505
Attorney General

LORETTA L. PINKSTON-POPE 580385
Deputy Attorney General

/s/ William W. Peters
WILLIAM W. PETERS 515342
Senior Assistant Attorney General

/s/ Matthew S. Cooper
MATTHEW S. COOPER 376436
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Matthew S. Cooper
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3301
Fax: (404) 651-5304
Email: mcooper@law.ga.gov

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.D

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C. The brief is prepared in 14-point Times New Roman font.

/s/ Matthew S. Cooper

## CERTIFICATE OF SERVICE

I certify that I have this day served the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 13th day of May, 2026.

/s/ Matthew S. Cooper
MATTHEW S. COOPER 376436
Assistant Attorney General